IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Oracio Sanchez, Jr.** : | | Civil Action No. 2:19-cv-1429 |
| **Plaintiff** : | | |
| : | | **FILED** |
| VS. : | | |
| : | | AUG 15 2022 |
| **Director Tracy Smith and Religious services** : | | |
| **Administrator Rev. Ulrich Klemm,** : | | CLERK U.S. DISTRICT COURT |
| **Defendants** : | | WEST. DIST. OF PENNSYLVANIA |

## MOTION TO REINSTATE CIVIL PROCEEDINGS

**Now Comes**, the plaintiff, Oracio Sanchez Jr., Pro Se, Motioning this Court to reinstate the civil proceedings for the above captioned case for breach of settlement agreement pursuant to 18 U.S.C. §3626 (c)(2)(a) and represents the following in support thereof:

1) On January 20, 2020, Plaintiff filed a 1983 civil suit against defendants Tracy Smith and Ulrich Klemm.

2) On June 1, 2020, defendants served interrogatories upon Plaintiff.

3) On June 30, 2020, Plaintiff responded to defendants' interrogatories.

4) On July 17, 2020, Discovery was served upon Plaintiff.

5) On September 1, 2020, defendants filed a consent motion to stay the proceedings pending a settlement agreement.

6) On December 3, 2020, Plaintiff entered into a settlement agreement with the defendants. See (**Exhibit 1**).

7) On December 11, 2020, Plaintiff filed a rule 41 motion to dismiss the civil suit with prejudice. This motion was granted on December 12, 2020.

1

## BRIEF HISTORY OF THE CASE

Plaintiff, a Hebrew Israelite inmate at the State Correctional Institution of Fayette filed a §1983 civil suit against defendants Tracy Smith and Ulrich Klemm for violating his 14th Amendment Rights to equal protection of the law and Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. §2000cc et seq. Plaintiff's suit against defendants stems from a Religious memo they released that dictated (1) who could participate in the 2017 Passover; 2) who could eat the meal; 3) when Passover will be; and, 4) when and where the meal will be held. Defendants permitted Hebrew Israelites to participate in the eight days of Passover. During these eight days, Plaintiff, a Hebrew Israelite (as well as all Hebrew Israelites in the DOC), were permitted to observe Passover by receiving Kosher for Passover Diet Bags. Plaintiff received the kosher bags during Passover but was not permitted to participate in the Passover feast meal because his theological beliefs differed from those of the Jews. After the above mentioned motions were filed, Plaintiff settled out of Court.

## SETTLEMENT AGREEMENT

Paragraph 3 of the General Release and Settlement agreement states:

*Plaintiff and his fellow Hebrew Israelites at the State Correctional Institution at Fayette shall be permitted to observe the Passover holiday with a communal meal **SEPARATELY** from the mainstream Jewish population,* once the COVID-19 pandemic resolves such that communal meals can be afforded in a safe manner at the Department's discretion. Plaintiff understands that the pandemic situation may not permit observation of Passover with a communal meal in spring 2021. Participation in the Hebrew Israelite Passover meal – as is the case for all religious groups throughout the department – shall be subject to the requirements and limitations of Department

policy DC-ADM 819 in effect at the time of the meal, (i.e. a requirement of a minimum number of inmate participants in the meal) *(Emphasis added). (Exhibit 1 Page 2)*

## **BREACH OF SETTLEMENT AGREEMENT**

On April 14, 2022, Plaintiff spoke to the Facility Chaplaincy Program Director (FCPD) Frank Lewis (hereinafter FCPD) about Passover. The FCPD informed plaintiff that the Passover meal was moved from April 15, 2022 to April 16, 2022. When Plaintiff asked why, the FCPD told Plaintiff the meal was moved because Jewish tradition did not allow Jewish inmates to eat the Passover meal on Friday night (April 15, 2022). The Plaintiff reminded the FCPD that Hebrew Israelites and Jews are two separate religions[1] that whatever the Jews do has nothing to do with the Hebrew Israelites. The FCPD responded by saying "It is the same feast so it is going to be on the same day." After failing to convince the FCPD to allow the Hebrew Israelites to have the Passover meal on the 15th of April, Plaintiff informed the FCPD that he is violating a settlement agreement petitioner had with the DOC in which Hebrew Israelites Passover is to be separate. The FCPD told plaintiff that his decision was already made.

James A. Paluch, Jr.[2], (hereinafter Mr. Paluch) a Messianic Jewish inmate at SCI Fayette is the reason the Passover meal was moved from April 15, 2022, to April 16, 2022. Mr. Paluch wrote a "DC-135A INMATES REQUEST TO STAFF MEMBER" (hereinafter "Request to Staff") to Corrections Classification Program Manager (CCPM) Debra Hawkinberry (hereinafter CCPM) in which he requested that the "Communal Seder meal for Yahweh's Passover be

---

[1]Although he already knew as plaintiff was one of six inmate who started the Hebrew Israelite services here at SCI Fayette in 2016. The six inmates were:
  1) Current inmate and Plaintiff Oracio Sanchez KR-8346
  2) Current inmate Randy Carter HV-2925
  3) Current inmate Michael Farris BS-0005
  4) Former inmate Akimo Moore HW-3611
  5) Former inmate Anwar Mitchell KP-9709
  6) Former inmate Tyrique Jackson HW-0520

[2] Mr. Paluch's inmate number BQ-3769

scheduled in the evening of Saturday, April 16, 2022." See (**Exhibit 2** Declaration of James A. P., Jr., Page 1 Paragraph 9). See also (**Exhibit 3** James A. Paluch, Jr.'s, REQUEST TO STAFF CCPM D. Hawkinberry dated 3/24/22.)

Mr. P. wrote the CCPM with concerns about having the Passover meal on April 15, 2022, because this was the day we were going to have the meal. April 15, 2022, was a Friday, since the meal is to be eaten at sundown that means the Sabbath is in. This is impermissible under Jewish law. Mr. Paluch made this clear when he wrote the CCPM "I spoke with Steve Slutzker[3] about having the Seder meal scheduled on the Shabbat (in which I asserted to you was impermissible under Jewish law). Although Steve is more knowledgeable of Jewish law than I am, he claims that having the Seder meal on April 15 at sunset is acceptable since it appears on the Aleph Calendar." Mr. P. went on to tell the CCPM why he believes inmate Steve Slutzker is wrong. See (**Exhibit 3**).

The CCPM replied, "Mr. Paluch – We will be having the seder meal on the 16th. I will meet w/you both soon. Bear w/me, Chaplain Lewis is out and I am now w/out an Imam + Ramadan starts this week so… one thing at a time. We'll figure it out." (**Exhibit 3**).

Mr. Paluch provided plaintiff with a copy of this request to CCPM. When Plaintiff was made aware of the change he wrote the CCPM. In Plaintiff's request to staff he informed the CCPM that he was made aware that Passover had been moved from the 15th to the 16th; that the Hebrew Israelites are a separate religion from the Jews and that Passover was on the 15th; that the tenets of the Hebrew Israelite faith DOES NOT allow them to eat the Passover meal on any day other than the day of Passover; and that food is not even permitted to be saved for the next morning. To which the CCPM responded "Mr. Sanchez- We're simply following the direction put out by central office

---

[3] Steve Slutzker is a Jewish inmate that is not involved in this case.

4

that it could be on the 15th or 16th so we chose the 16th. I discussed this previously with Mr. Carter." See (**Exhibit 4** Plaintiff's Request to Staff).

Moreover, another Hebrew Israelite inmate, Ian Robinson[4], also wrote to the CCPM via request to staff about Passover being moved. The CCPM response mirrors her response to Plaintiff. See (**Exhibit 5** Ian Robinsons "Request to Staff").

Mr. Paluch's "reason for requesting that the communal seder meal be held on Saturday, April 16, 2022, in the evening was three-fold. One, it was to ensure that the sighting of the first full moon was present since we are unable to determine if the green ear is in the barley. Two, the evening of Friday, April 15, 2022, was designated as Yahshua's memorial. Three, the communal seder should always be used to break the all-day fast which is associated with Yahshua's memorial. Additionally, it was to accommodate the Jewish community so that no one who is Torah-Observant would be required to either prepare and/or cook on the High Shabbat. Since Yahweh's Passover actually began on the weekly Shabbat, it is considered a high Shabbat." See (**Exhibit 2** Declaration of James A. Paluch, Jr., Page 1 paragraph 10)

Hebrew Israelites have no affiliations with the Jewish or the Messianic Jewish community. See (**Exhibit 2** Declaration of James A. Paluch, Jr., Page 1 Paragraph 11). Nor do the Hebrew Israelites follow the tenets of their religion.

Plaintiff and his fellow Hebrew Israelites were all informed by the FCPD that the Passover meal was going to be eaten on Friday, April 15, 2022. See (**Exhibit 6** Declaration of Randy Carter); (**Exhibit 7** Declaration of Julian Bryant), and; (**Exhibit 8** Declaration of Michael Farris) However, the Hebrew Israelite Passover meal was moved from Friday, April 15, 2022, to Saturday, April 16, 2022, to accommodate members of the Jewish religion and their tenets, violating the settlement

---

[4] Ian Robinson's Prison Identification number is CM-6451

agreement. Plaintiff filed a grievance (See **Exhibit 9** Plaintiff's grievance and grievance appeals) and this motion follows.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REINSTATE CIVIL PROCEEDINGS**

Plaintiff and defendants entered into a private settlement agreement on December 3, 2020. The PLRA provides the following with regard to private settlement agreements: Nothing shall preclude parties form entering into a private settlement agreement that does not comply with the limitations on relief set forth in 18 U.S.C. §3626 (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceedings that the agreement settled. 18 U.S.C. §3626 (C)(2)(A). The PLRA defines a private settlement agreement as an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled. 18 U.S.C. §3626 (g)(6). **Bowers v. City of Philadelphia**, 2007 U.S. Dist. LEXIS 75548, 16 (E.D.PA. 2007)

The Third Circuit in **Ghana v New Jersey State Parole Board, et. al.**, 2011 U.S. Dist. LEXIS 91121 (2011) held under the PLRA 18 U.S.C. §3626 there are two types of settlement agreements: consent degrees, which must conform to the PLRA's requirements and private settlement agreements which do not have to abide by the PLRA. The relief available for a violation of a settlement agreement depends on which type of agreement was agreed upon. **Id. at Lexis 9-10.**

Plaintiff's settlement agreement with defendants is not a consent decree. (See **Exhibit 1** Page 4 Paragraph 9). The settlement agreement is not subject to judicial enforcement nor is there any clause in the settlement agreement that gives the court jurisdiction and/or authority to enforce the settlement agreement were it to be breached. Thus, the agreement entered into by plaintiff and defendants is a private settlement agreement as defined by the PLRA. The only remedy available

to plaintiff is to reinstate the civil proceedings, **Sanchez v. Smith and Klemm**, WDPA 2:19-cv-1429, which the agreement settled.

Moreover, Plaintiff avers that defendants are liable for their subordinate's breach of contract. The third circuit has noted that there are two theories of supervisory liability applicable to claims of brought pursuant to §1983: (1) a supervisor may be personally liable under §1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge had knowledge of and acquiesced in his subordinates' violations; and (2) Policymakers may also be liable under §1983 if it is shown that such defendants, with deliberate indifference to the consequences, established and maintained a policy, practice, or custom which directly caused the constitutional harm. See **A.M. ex. rel. J.M.K. v. Luzerne City Juvenile Det. Ctr.**, 372 F.3d 572, 586 (3rd Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that (1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. See **Merring v. City of Corbondale**, 558 F.Supp. 2d 540, 547 (M.D.PA. 2008); See also **Antonson v. Clark**, 2021 U.S. DIST. LEXIS 70022, Lexis 8-9 (M.D. PA. 2021); **Leaks v. Pa. DOC. Et. Al.**, 2021 U.S. DIST. LEXIS 132548, Lexis 10-11 (M.D. PA. 2021); **Tierno v. Harry**, 2022 U.S. DIST. LEXIS 51345, Lexis 13-14 (M.D.PA. 2022); **McCullough v. Ransom, et al.**, 2022 U.S. DIST. LEXIS, Lexis 10-11 (M.D.PA. 2022).

Defendants in the instant case are policymakers. They are in charge of creating policy with respect to religion for the entire Pennsylvania Department of Corrections. The §1983 that the agreement settled stemmed from a policy defendants created regarding Passover that violated Plaintiff's 1st and 14th Amendment rights as well as RLUIPA laws.

Although defendants agreed to have a separate Passover meals for Hebrew Israelites and the Jews (See **Exhibit 1** Page 2, Paragraph 3) they were indifferent to the plaintiff's constitutional rights and broke the settlement agreement into which they voluntarily entered. The CCPM states that they were simply following the memo put out by central office that Passover could be on the 15th or the 16th. See (**Exhibit 4** Plaintiff's Request to Staff); and (**Exhibit 5** Ian Robinson's Request to Staff). Therefore, they created the conditions for their subordinates to violate the settlement agreement.

The 2022 Passover policy and/or practice created an unreasonable risk of Constitutional injury from which Constitutional injury actually occurred. The defendants did not create an avenue for Hebrew Israelites to have their own Passover separate from the Jews. Hebrew Israelites were not permitted to have their Passover meal on the day required by their faith but were forced to have it on the day the Jews selected. Hebrew Israelites were not even permitted to choose the food appropriate for their Passover celebration, they had to choose from the foods prescribed by members of a different faith.

DATED: 7/28/22

RESPECTFULLY SUBMITTED,

_Sanchez_
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

## **CONCLUSION**

Plaintiff has/had a settlement agreement with the defendants as well as the Pennsylvania Department of Corrections for Hebrew Israelites to have a separate Passover meal from the Jewish population. The agreement entered into by plaintiff and defendants is a private Settlement agreement as defined by the PLRA.

The plaintiff (nor any other Hebrew Israelite), DID NOT have a separate Passover meal from the Jews. The defendants and their subordinates: FCPD Frank Lewis, and CCPM Debra Hawkinberry breached the settlement agreement.

The only remedy available to plaintiff is to have the proceedings that the agreement settled reinstated.

**WHEREFORE**, for the foregoing reasons plaintiff prays that this Honorable Court reinstate the civil proceedings, **Sanchez v. Smith and Klem**, WDPA 2:19-cv-1429, in the interest of justice and fundamental fairness.

DATED: 7/28/22

RESPECTFULLY SUBMITTED,

Sanchez
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Oracio Sanchez, Jr.** : | | Civil Action No. 2:19-cv-1429 |
| **Plaintiff** : | | |
| : | | |
| **VS.** : | | |
| : | | |
| **Director Tracy Smith and Religious services** : | | |
| **Administrator Rev. Ulrich Klemm,** : | | |
| **Defendants** : | | |

## STATEMENT OF VERIFICATON

I, Oracio Sanchez Jr., hereby verify that all statements made herein are true and correct to the best of my personal knowledge and belief and that any false statements are subject to the penalties of perjury 18 U.S.C. §1746.

DATED: 7/28/22

RESPECTFULLY SUBMITTED,

Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Oracio Sanchez, Jr. | : | Civil Action No. 2:19-cv-1429 |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | |
| Director Tracy Smith and Religious services | : | |
| Administrator Rev. Ulrich Klemm, | : | |
| Defendants | : | |

## PROOF OF SERVICE

I, Oracio Sanchez Jr., hereby certify that a true and correct copy of this Motion to Reinstate Civil Proceedings is being served upon the people listed below in accordance with the governing rules of court including the prisoner mailbox rule.

Service by mail:

**1 Copy**

Sarah J. Simkin
Office of Attorney General
1251 Waterfront Pl.
Mezzanine Level
Pitt., Pa. 15222

**1 Copy**

Karen Romano
Office of Attorney General
1251 Waterfront Pl.
Mezzanine Level
Pitt., Pa. 15222

**2 Copies**

Prothonotary
U.S. District Court
700 Grant St.
Room 3110
Pitt., Pa. 15219

DATED: 7/28/22

RESPECTFULLY SUBMITTED,

_Sanchez_
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450