**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ORACIO SANCHEZ, JR, } | |
| } | No. 2:19-cv-01429-RJC-PLD |
| Plaintiff, } | |
| } | Judge Colville |
| vs. } | |
| } | Magistrate Judge Dodge |
| ULLI KLEMM and TRACY SMITH, } | |
| } | *Electronically Filed.* |
| Defendants. } | |

**CORRECTIONS DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO REINSTATE CIVIL PROCEEDINGS [ECF 49]**

AND NOW, come the defendants, Klemm and Smith ("the Corrections Defendants"), by their attorneys, Scott A. Bradley, Senior Deputy Attorney General, and Karen M. Romano, Chief Deputy Attorney General, and respectfully submit the following response to Plaintiff's Motion to Reinstate Civil Proceedings [ECF 49]:

1. Oracio Sanchez, Jr ("Plaintiff") is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"); Plaintiff is presently confined at the State Correctional Institution at Fayette ("SCI-Fayette").

2. Plaintiff initiated this *pro se* civil rights action on or about October 31, 2019, claiming that his First Amendment rights were violated by the failure of SCI-Fayette to accommodate separate observances for his religious sect.

3. Relevant to the present response, the parties engaged in settlement discussions and were able to resolve the case, which resulted in the filing of a Joint Stipulation of Dismissal [ECF 47] on December 11, 2020.

4. On December 12, 2020, the Court approved the Joint Stipulation of Dismissal by Order [ECF 48] entered.

5. On August 3, 2022, Plaintiff filed a Motion to Reinstate Civil Proceedings [ECF 49].

6. By Text Order [ECF 50] issued on August 22, 2022, the Court directed the Corrections Defendants to respond to the motion by September 6, 2022.[1]

7. This response follows, accordingly:

## DISCUSSION

Relevant to Plaintiff's present motion, as additional consideration for the settlement, the Corrections Defendants and the Pennsylvania Department of Corrections agreed that

> Plaintiff and his fellow Hebrew Israelites at the State Correctional Institution at Fayette shall be permitted to observe the Passover holiday with a communal meal separately from the mainstream Jewish population, once the COVID-19 pandemic resolves such that communal meals can be afforded in a safe manner at the Department's discretion. Plaintiff understands that the pandemic situation may not permit observation of Passover with a communal meal in Spring 2021. Participation in the Hebrew Israelite Passover meal –as is the case for all religious groups throughout the Department– shall be subject to the requirements and limitations of Department policy DC-ADM 819 in effect at the time of the meal, (i.e. a requirement of a minimum number of inmate participants in the meal).

Plaintiff avers that SCI-Fayette did not abide by this term for the Passover meal in Spring of 2022 by not providing a separate Passover meal from the mainstream Jewish community. See Motion [ECF 49], at 3-6. Consequently, Plaintiff seeks to reopen the litigation.

On January 27, 2022, the DOC issued a 2022 Jewish Holy Day Memo providing specific direction for Passover (April 15-23, 2022). See Exhibit A (attached hereto). This memo was intended to provide guidance and direction for religious observances of Passover for 2022. The memo initially stated that "[e]ach Chaplaincy Program Director (CPD), Rabbi/Jewish Chaplain

---

[1] Undersigned counsel for the Corrections Defendants apologizes to both the Court and Plaintiff for the belated filing of this response. This case was reassigned to undersigned counsel following the departure of the former Deputy Attorney General handling this case, and additional time was needed to investigate Plaintiff's concerns.

and Corrections Food Service Manager (CFSM) must coordinate this observance in concert with Security." Exhibit A, at 1.

As reflected in the Initial Review Response to Plaintiff's grievance over this issue, the Passover meal at SCI-Fayette was provided for Plaintiff's group and the mainstream Jewish community on April 16, 2022. See [ECF 49-9], at 5. Although both meals were provided in the same room, each group sat at different tables. See [ECF 49-9], at 8. In his Grievance Appeal to Facility Manager, Plaintiff stated that he does not take issue with the fact that the Passover meals for both groups were served in the same room. See [ECF 49-9], at 8 ("I'm not grieving that the Passover meal was eaten in the same room at different table"). Rather, it appears that Plaintiff's complaint is that his group's Passover meal was held the same day as the other Passover meal. See [ECF 49-9], at 8 ("the Passover meal could have been had on April 15, 2022, but they decided to move it to the 16th because of Jewish tradition").

Plaintiff received a Final Appeal Decision on September 8, 2022. See Exhibit B (attached hereto). Therein, it was explained to Plaintiff that

> [a] review of the record was conducted by the Bureau of Treatment Services regarding your concern that you and your fellow Hebrew Israelites should be permitted to observe the Passover holiday with a communal meal separately from the mainstream Jewish population, once the COVID-19 pandemic resolves such that communal meals can be afforded in a safe manner at the Department's discretion. You allude to a Settlement Agreement agreed upon in 2020. It was determined that the Settlement Agreement does not give a specific date on which Passover shall be observed. It states that participation in the Hebrew Israelite Passover meal is subject to the requirements and limitations of Department policy DC-ADM 819 in effect at the time of the meal, including a minimum number of inmates. At the time, Passover participant information was being gathered for 2022 via a survey letter which was due back to the Chaplain's office by 2/22/2022, SCI Fayette implementing COVID-19 mitigation strategies and dealing with staff shortages. Thus, the letter stated, 'Due to the COVID epidemic, (the 2022 Passover meal) will NOT be a

3

communal meal, but will be eaten in each inmate's cell'. The DOC Jewish Holy Memo for Passover 2022 stated, 'Each Chaplaincy Program Director (CPD), Rabbi/Jewish Chaplain, and Corrections Food Service Manager (CFSM) must coordinate this observance in concert with Security'. 'Inmates who identified with any of these faith groups and were active in their respective faith communities (namely, Jewish-no subcategory; Jewish-Orthodox/Conservative/Reform; Jewish-Black Jew/Hebrew-Israelite; Christian-other Assembly Yahweh; Christian-other House of Yahweh; Christian-other Messianic) were eligible to participate in both religious observances of Passover (Namely, two ceremonial Seders taking place on 4/15/2022, and 4/16/2022, and one ceremonial meal, taking place on EITHER 4/15/2022, or 4/16/2022)'. While there is no Jewish requirement for a Ceremonial Seder (with symbolic sacred foods referenced during a religious ritual) to take place on the first and second nights of Passover, there was and is no requirement for the Passover Ceremonial Meal to be held on one day over the other. [The Bureau of Treatment Services] learned that there were only four inmates who identified as Jewish, and just four inmates who identified as Hebrew Israelites, who elected to observe the Passover Ceremonial meal on 4/16/2022, at SCI Fayette. The minimum number is five. The DOC Jewish Holy Day Memo for Passover 2022 also stated, 'If an institution has accommodated regular separate communal gatherings for inmates who identify with non-traditional Jewish expressions of faith, inmates who identify with such faiths may gather for one separate Seder, unless there is a State of Emergency or other restriction, provided a Chaplain or an approved Faith Group Leader is available to supervise/lead such, or scripted materials are available for these inmates to use. Staff must supervise any Ceremonial Seders not led by a Faith Group Leader'. While under normal conditions, SCI Fayette would have entertained accommodating two separate Ceremonial meals (one for traditional Jews and the other for non-traditional Jews), there were so few inmates (four inmates each) from both faith families who expressed their desire to participate in the Passover Ceremonial meal. Food Services would have been severely burdened (re: staffing and time) to accommodate four respective inmates (of a total inmate population of 2,144) with a separate meal on consecutive nights. Additionally, there were chaplaincy staff shortages. One Ceremonial meal was held, with the four inmates who identify as Hebrew-Israelite meeting at one table, and inmates who identify as Jewish meeting at another table. Therefore, the Initial Review Response is upheld. Your grievance and requested relief are denied.

Exhibit B, at 1-2.

Under the circumstances as presented, it appears that the decision to hold both observances on April 16, 2002, was not "because of Jewish tradition." Rather, the decision was based on the limited number of inmates requesting to participate in each respective observance, along with staffing considerations for both Food Services and the Chaplaincy Department at SCI-Fayette. Accordingly, in light of the foregoing and, perhaps most importantly, because the Settlement Agreement does not require that Passover be observed on a specific date by Plaintiff's group, the Corrections Defendants believe that there was no material breach of the terms of the Settlement Agreement. Indeed, Plaintiff does not appear to dispute that separate observances were provided for each group.

Thus, because Plaintiff's only concern was with the timing of the observance occurring on the same day as the observance for the mainstream Jewish community, and because the respective observances were separated in a manner to which Plaintiff had no objection, it appears that SCI-Fayette worked to accommodate the interests of both groups without infringing on the rights of either group. Consequently, the Corrections Defendants respectfully request that Plaintiff's Motion to Reinstate Civil Proceedings [ECF 49] be denied.

WHEREFORE, based on the foregoing, the Corrections Defendants respectfully request that the Court deny Plaintiff's Motion to Reinstate Civil Proceedings [ECF 49].

                                          Respectfully submitted,

                                          JOSH SHAPIRO
                                          Attorney General

                                          s/ Scott A. Bradley

Office of Attorney General               Scott A. Bradley
Litigation Section                        Senior Deputy Attorney General
1521 Waterfront Place                Attorney I.D. No. 44627
Mezzanine Level
Pittsburgh, PA 15222                 Karen M. Romano
                                          Chief Deputy Attorney General

Phone: (412) 565-3586
Fax:    (412) 565-3019

Date:  September 15, 2022