IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORACIO SANCHEZ, JR., | ) |
| Plaintiff | ) Case No. 2:19-1429 |
| v. | ) Judge Colville |
| | ) Magistrate Judge Dodge |
| ULLI KLEMM and TRACY SMITH, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I.    Recommendation**

It is respectfully recommended that Plaintiff's Motion to Reinstate Civil Proceedings (ECF No. 49) be denied.

**II.   Report**

Plaintiff Oracio Sanchez, Jr., who is a prisoner incarcerated at the State Correctional Institution at Fayette, Pennsylvania ("SCI Fayette"), filed a pro se civil rights complaint in 2019 against Defendants Ulli Klemm, the Religious Services Administrator at SCI Fayette, and Tracy Smith, the Director of Treatment Services. He alleged that they violated his rights by failing to allow him and other Hebrew Israelites to be included in a Passover meal at the prison. After discovery was completed but before motions for summary judgment were filed, Defendants moved to stay the case and subsequently notified the Court that the case had settled. The parties then filed a Stipulation of Dismissal, which District Judge Colville granted on December 12, 2020 and the case was dismissed with prejudice.

Currently pending before the Court is Plaintiff's motion to reinstate proceedings (ECF No. 49) that is based on Plaintiff's contention that Defendants have breached the terms of their settlement agreement. For the reasons that follow, the motion should be denied.

  A. <u>Relevant Procedural History</u>

  Plaintiff initiated this action by filing a motion to proceed in forma pauperis on October 31, 2019. The motion was granted after it was supplemented and the Complaint was filed on January 7, 2020 (ECF No. 7). Jurisdiction was based on the federal question of the alleged violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc to 2000cc-5 (RLUIPA) as well as the First and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

  After a Case Management Order was entered in March 2020 (ECF No. 18) and fact discovery was closed, Defendants, with the consent of Plaintiff, filed a Motion to Stay (ECF No. 43), in which they indicated that they were exploring a resolution of the case. The motion was granted and the case was stayed until November 30, 2020 (ECF No. 45).

  On December 11, 2020, the parties filed a Joint Stipulation of Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure (ECF No. 47).  District Judge Colville issued an order granting the Joint Stipulation on December 12, 2020, and this action was dismissed with prejudice (ECF No. 48). Notably, the Stipulation of Dismissal did not request that the Court retain jurisdiction over the case and Judge Colville's order did not state that the Court would do so.

  On August 3, 2022, Plaintiff filed a Motion to Reinstate Civil Proceedings (ECF No. 49). He contends that Defendants failed to adhere to the provisions of the settlement agreement by moving the "Passover meal" from April 15, 2022 to the next day, allegedly because "Jewish tradition did not allow Jewish inmates to eat the Passover meal on Friday night." Plaintiff states that he reminded Frank Lewis, the Facility Chaplaincy Program Director (FCPD), that Hebrew

2

Israelites and Jews are two separate religions and that requiring the Hebrew Israelites to have the Passover meal at the same time as the Jewish inmates would constitute a violation of the settlement agreement, which stated that Hebrew Israelites "shall be permitted to observe the Passover holiday with a communal meal separately from the mainstream Jewish population, once the COVID-19 pandemic resolves such that communal meals can be afforded in a safe manner at the Department's discretion." Plaintiff contends that prison officials ignored his complaints and provided the Passover meal on April 16, 2022, for both the Jewish inmates and the Hebrew Israelite inmates, which he asserts is a violation of the terms of the settlement agreement. Plaintiff asserts that the decision to hold the Passover meal on April 16 was made Mr. Lewis, who is not a named defendant in this case.[1]

Defendants subsequently filed a response to Plaintiff's motion (ECF No. 52), in which they dispute the merits of his claim. They argue that the decision to hold both observances on the same day was because of the limited number of inmates requesting to participate in each respective observance as well as considerations related to staffing. Additionally, Defendants argue that because the Settlement Agreement does not require that Passover be observed on any specific date, the fact that the meal was served on April 16 did not violate the terms of the agreement.

B. Subject Matter Jurisdiction

Before it can examine the issues raised in Plaintiff's motion, the Court must first address the issue of subject matter jurisdiction. A federal court has an obligation to examine its own jurisdiction at any stage of the proceedings, even if no party raises the issue. *See FW/PBS, Inc. v.*

---

[1] Thus, even if Plaintiff was entitled to reinstatement, his pending claims are not against Mr. Lewis.

*City of Dallas*, 493 U.S. 215, 230-31 (1990); Fed. R. Civ. P. 12(h)(3) ("If a court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

Plaintiff states that he is bringing this motion to reinstate proceedings pursuant to a provision of the Prison Litigation Reform Act ("PLRA") that governs private settlement agreements on civil actions related to prison conditions. 18 U.S.C. § 3626(c). Section 3626(c) provides as follows:

> c) SETTLEMENTS.—
>   (1) CONSENT DECREES.—
>   In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).
>   (2) PRIVATE SETTLEMENT AGREEMENTS.—
>   (A) Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled.
>   (B) Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.

18 U.S.C. § 3626(c). *See also* 18 U.S.C. § 3626(g)(6) (defining "private settlement agreement" as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled.").

The terms of the parties' settlement agreement were not placed into the record at any time before the case was dismissed. However, Plaintiff has attached the General Release and Settlement Agreement ("Settlement Agreement") as an exhibit to his motion, however, thus placing it in the record for the first time.[2] The Settlement Agreement does not include a

---

[2] The Court has sealed this document (ECF No. 49 Ex. 1) so that it can be viewed only by the Court and the parties.

provision that the Court retains jurisdiction over this action after its dismissal.[3]

In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), the Supreme Court held that a district court lacks jurisdiction to enforce the terms of a settlement agreement after the underlying action has been dismissed with prejudice under Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. As noted in *Disability Law Ctr. v. Massachusetts Dep't of Correction*, 960 F. Supp. 2d 271 (D. Mass. 2012):

> The Supreme Court recognized in *Kokkonen* that a United States district court may retain jurisdiction to enforce the provisions of a private settlement agreement even as it dismisses the litigation that the settlement resolves. If the court does not issue an order of dismissal that states it is retaining jurisdiction or incorporate the terms of the settlement agreement into the order of dismissal, enforcement of the settlement agreement is left for state courts, unless there is an independent basis for federal jurisdiction.

*Id.* at 278 (citing *Kokkonen*, 511 U.S. at 381-82).

Based on the holding in *Kokkonen*, several courts have held that when an action is resolved by a private settlement and dismissal and a prisoner subsequently seeks to reinstate the action pursuant to § 3626(c)(2), the court lacks subject matter jurisdiction to reinstate the case unless the court retained jurisdiction or incorporated the terms of the settlement agreement into the order of dismissal. *See Benning v. Georgia*, 2018 WL 5283446, at *2 (S.D. Ga. Oct. 24, 2018); *Hazelton v. Wrenn*, 2013 WL 1953354, at *2 (D.N.H. Apr. 10, 2013), *report and recommendation approved*, 2013 WL 1953517 (D.N.H. May 9, 2013).

Here, the Court did not retain jurisdiction or incorporate the terms of the settlement agreement into the order of dismissal. Further, the parties did not agree as a term of their settlement that the Court would retain jurisdiction after they stipulated to the dismissal of this

---

[3] The Settlement Agreement also states that it "is not, and cannot and shall not be construed to be a consent decree."

action. Thus, the Court lacks jurisdiction to reinstate Plaintiff's claims.

Plaintiff is not without a remedy, however. If he asserts that the terms of the settlement agreement have been breached, he may file a breach of contract action in state court. *See* 18 U.S.C. § 3626(c)(2)(B); *Kokkonen*, 511 U.S. at 382 (confirming that "enforcement of the settlement agreement is for state courts."); *Benning*, 2018 WL 5283446, at *2; *Hazelton*, 2013 WL 1953354, at *2.

### III. Conclusion

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion to Reinstate Civil Proceedings (ECF No. 49) be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by October 4, 2022 or by October 7, 2022 for non ECF users. Any party opposing the objections shall file a response by October 18, 2022 or by October 21, 2022 for non ECF users. Failure to file timely objections will waive the right of appeal.

Dated: September 20, 2022                               s/Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        United States Magistrate Judge

cc:     Oracio Sanchez, Jr.
        KR-8346
        SCI Fayette
        48 Overlook Drive
        Labelle, Pa 15450