IN THE UNITED STATES DISTRICT COURT
FOR THE WESTRN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Oracio Sanchez Jr., <br>     Plaintiff | : <br> : <br> : | Civil Action No. 2:19-cv-1429 |
| VS | : <br> : | Judge Colville <br> Magistrate Judge Dodge |
| Ulli Klemm, et. al., <br>     Defendants | : <br> : | |

FILED

OCT 1 1 2022

CLERK U.S. DISTRICT COURT
WEST. DIST OF PENNSYLVANIA

**OBJECTION TO REPORT AND RECOMMENDATION**

COMES NOW, the Plaintiff, Oracio Sanchez Jr., Pro Se, objecting to the Court's Report and Recommendation and represents the following in support thereof:

1) Magistrate Patricia L. Dodge (hereinafter Magistrate Judge) did not address the issues in Plaintiff's motions but instead stated, "Before it can examine the issues raised in Plaintiff's motion, the Court must first address the issue of subject matter jurisdiction." (Report and Recommendation at pg. 3).

2) The Magistrate Judge recommended that Petitioner's motion to reinstate the civil proceedings be denied for lack of subject matter jurisdiction. In alleging that the federal court lacks jurisdiction, the Magistrate relied on the United States Supreme Court's decision in ***Kokkonen v. Guardian Life Insurance Co. of America***, 511 U.S. 375 (1994) as well as several district court decisions.

3) The Magistrate alleged that because the Court did not incorporate the terms of the settlement agreement and because Plaintiff and the Defendants did not agree as a term of their agreement that Court would retain jurisdiction after they stipulated to the dismissal of this action, the Court therefore does not have jurisdiction over the subject matter. The Magistrate Judge further alleged that Plaintiff's remedy lies with the State.

Citing *Disability law ctr. v. Massachusetts Dep't. of Correction*, 960 F. Supp. 271 (D.Mass. 2012) (See Report and Recommendation pg. 5)

4) The Magistrate mistakenly relied upon *Kokkonen, supra.* which held that a district court lacks jurisdiction to enforce the terms of the settlement agreement after the underlying action has been dismissed with prejudice under Rule 41 (a)(1)(ii) of the Federal Rules of Civil Procedure. *Id. at 381-82.*

5) In 1996, Congress enacted the Prison Litigation Reform Act, which limits the scope of prospective relief that courts may grant in cases challenging prison conditions. *See Cason v. Seckinger*, 231 F.3d 777, 779-80 (11th Cir. 2000). Under the PLRA, prospective relief with respect to prison conditions, "shall extend no further than necessary to correct the violation of the Federal right[.]" 18 U.S.C. §3626 (a)(1)(A). Moreover, the PLRA limits a court's authority to continue to enforce existing prospective relief entered before the enactment of the PLRA. *Cason, supra.* at 780. Upon motion by any party, prospective relief entered on or before the date of the PLRA's enactment is terminated two years after the date of enactment. 18 U.S.C. §3626 (b)(1)(A)(iii). A defendant or intervener is also entitled to immediate termination of prospective relief in the absence of a court finding that "the relief is narrowly drawn, extends no further than necessary to correct the violation..., and is the least intrusive means necessary to correct the violation..." *Id.* §3626(b)(2). These termination provisions do not apply and prospective relief remains in forces, however, if the relief remains "necessary to correct a current and ongoing violation of a Federal right" and otherwise satisfies the restrictions in 18 U.S.C. §3626 (a)(1)(A). *Id.* §3626 (b)(3).

6) The application of these termination provisions hinges on the nature of the prospective relief. The PLRA defines "relief" as "all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlement agreements," and "prospective relief" includes "all relief other than compensatory monetary damages." *Id.* §3626 (g)(9), (g)(7). While consent decrees are subject to the PLRA's restrictions on prospective relief, *Id.* §3626 (c)(1), the PLRA shields private settlement agreements from these restrictions, *Id.* §3626(c)(2)(A). Section 3626 (c)(2)(A) states that, "[n]othing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief..., if the terms of that agreement are not subject to court enforcement other than the reinstatement of the civil proceeding that the agreement settled." *Id.*

7) Neither the Defendants nor the Magistrate Judge dispute that the settlement agreement in the case *sub judice* is a private settlement agreement and not a consent decree. The sole issue is whether this court retains jurisdiction after a violation of a private settlement agreement where neither the settlement agreement nor the dismissal order expressly states so.

8) In order to parse the distinction between the remedies available for violations of a consent decree and a private settlement agreements in the PLRA, we must turn to the plain language of the statute. *See Wachovia Bank, N.A. v. United States,* 455 F.3d 1261, 1267-68 (11th Cir. 2006); *See also FMC Corp. v. Holliday,* 498 U.S. 52, 57, 111 S.Ct. 403, 407, 112 L.Ed. 2d 356 (1990) (noting that courts generally assume that that ordinary meaning of statutory language accurately expresses Congress's legislative purpose). The PLRA defines a "private settlement agreement" as "an agreement entered into among the

parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled." *Id.* §3626 (g)(6). A "consent decree" is defined as any other relief "entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements." *Id.* §3626 (g)(1). Therefore, both consent decrees and private settlement agreements are based at least in part on an agreement between parties.

9) However, it is clear that Congress sought to distinguish these two terms given the explicit definition that consent decrees "do[] not include private settlements" *Id.*; *See also **Benjamin v. Jacobson***, 172 F. 3d 144, 157 (2nd Cir. 1999) (*en banc*) ("Given these definitions, it appears that congress sought to make the [PLRA]'s concepts of consent decrees and private settlement agreements mutually exclusive.") Private settlement agreements are "not subject to judicial enforcement,"18 U.S.C. §3626(g)(6), and the private settlement exemption from the PLRA's restrictions applies "if the terms of [an] agreement are *not subject to court enforcement* other that the reinstatement of the civil proceeding that the agreement settled," *Id.* §3626(c)(2)(A) (emphases added.). In contrast, consent decrees are "entered by the court," §3626 (g)(1), and the PLRA directs courts to comply with its restrictions on prospective relief before "enter[ing] or approv[ing]" consent decrees, §3626(c)(1). Based on the plain language of the PLRA, judicial enforcement is this the critical distinction between private settlement agreements and consent decrees.

10) Even assuming that this statutory language was not clear, the PLRA's legislative history comports with this plain meaning. *See **Romer v. MHM Health Prof'ls**,* 2020 U.S. Dist. LEXIS 214550, *12 (M.D.PA. 2020) (noting that courts may look to the

legislative history if the statutory language is ambiguous). The congressional committee report of a predecessor bill, which contained nearly identical termination provisions to the PLRA's provisions, stated that the restriction on prospective relief "limits the use of curt-enforced consent decrees to resolve prison conditions suits, while freely allowing the use of private settlement agreements. Parties may continue to enter such agreements to avoid lengthy and burdensome litigation, but they cannot expect to rely on the court to enforce the agreement." H.R. Rep. No. 104-21, at 24-25 (1995); *See also **Benjamin**, supra.* at 158 (interpreting the PLRA's history). Accordingly, the legislative history makes it plain that Congress intended to distinguish consent decrees, which are judicially enforced agreements, from private settlement agreements, which are not judicially enforced.

11) The presence of judicial enforcement affects the remedies that parties can seek for a breach of an agreement's terms. Under the PLRA, the only remedies for a breach of a private settlement are "reinstatement of the civil proceeding that the agreement settled" or a state law claim. 18 U.S.C. §3626 (c)(2)(A), (c)(2)(B); *See also **Ghana v. New Jersey State Parole Board, et al.**,* 2011 U.S. Dist. Lexis 91121, *8-9 (D.N.J. Aug. 15, 2011)

## Conclusion

The legislature made a distinction between a consent decree and a private settlement agreement and the remedy available for a breach of either of the two. the only available remedy for a violation of a private settlement agreement in this Court is the reinstatement of the proceedings that the agreement settled. ***Ghana v. New Jersey State Parole Board***, et al., 2011 U.S. Dist. LEXIS 91121, *8-9 (D.N.J. Aug. 15, 2011)

Therefore, this Court has jurisdiction to entertain Plaintiff's motion to reinstate the civil proceedings. As the Magistrate Judge did not address Plaintiff's motion he ask this court to review his motion De Novo and grant the only remedy available to Plaintiff, reinstatement of the civil proceedings.

Moreover, if this Court adopts the Magistrate Judge's Report and Recommendation Plaintiff request a COA be granted so that the 3rd Circuit Court of Appeals may interpret the PLRA and the available remedies for a breach of a consent decree and a private settlement agreement.

DATED: 10/3/22

RESPECTFULLY SUBMITTED,

Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Oracio Sanchez, Jr.** | : | Civil Action No. 2:19-cv-1429 |
| **Plaintiff** | : | |
| | : | |
| **VS.** | : | |
| | : | |
| **Director Tracy Smith and Religious services:** | | |
| **Administrator Rev. Ulrich Klemm,** | : | |
| **Defendants** | : | |

## STATEMENT OF VERIFICATON

I, Oracio Sanchez Jr., hereby verify that all statements made herein are true and correct to the best of my personal knowledge and belief and that any false statements are subject to the penalties of perjury 18 U.S.C. §1746.

DATED: 10/3/22

RESPECTFULLY SUBMITTED,

Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oracio Sanchez, Jr.<br>Plaintiff | Civil Action No. 2:19-cv-1429 |
| VS. | |
| Director Tracy Smith and Religious services:<br>Administrator Rev. Ulrich Klemm,<br>Defendants | |

## PROOF OF SERVICE

I, Oracio Sanchez Jr., hereby certify that a true and correct copy of this Objection to the Report and Recommendation is being served upon the people listed below in accordance with the governing rules of court including the prisoner mailbox rule.

Service by mail:
**1 Copy**

**2 Copies**

Scott A. Bradley
Office of Attorney General
1251 Waterfront Pl.
Mezzanine Level
Pitt., Pa. 15222

Prothonotary
U.S. District Court
700 Grant St.
Room 3110
Pitt., Pa. 15219

DATED: 10/3/22

RESPECTFULLY SUBMITTED,

_/s/ Sanchez_
Oracio Sanchez
Inmate Number KR-8346
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450